**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN MARSH AND INGRID MARSH,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **U.S. BANK, N.A. AS SUCCESSOR TRUSTEE** | § | |
| **TO LASALLE BANK NATIONAL** | § | |
| **ASSOCIATION ON BEHALF OF THE** | § | **CAUSE NO. 5:21-CV-00321** |
| **HOLDERS OF BEAR STEARNS ASSET** | § | |
| **BACKED SECURITIES I TRUST 2005-HE12,** | § | |
| **ASSET-BACKED CERTIFICATES SERIES** | § | |
| **2005-HE12; SELECT PORTFOLIO** | § | |
| **SERVICING, INC., AND DEBORAH MARTIN,** | § | |
| *Defendant.* | § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Defendants, U.S. Bank, N.A. as Successor Trustee to LaSalle Bank National Association on behalf of Bear Stearns Asset Backed Securities I Trust 2005-HE12, Asset Backed Certificates Series 2005-HE12, and Select Portfolio Servicing, Inc. ("SPS"), and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, give notice that they hereby remove the action styled *John Marsh and Ingrid Marsh v. U.S. Bank, N.A. as Successor Trustee to LaSalle Bank National Association on behalf of Bear Stearns Asset Backed Securities 1 Trust 2005-HE12, Asset Backed Certificates Series 2005-HE12; Select Portfolio Servicing, Inc. and Deborah Martin;* Cause No. 2021-CI-03650; In the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Defendants provide the following in support of this removal.

## I.
## <u>REQUIREMENTS FOR REMOVAL</u>

1.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal:

   i)      A true and correct copy of the Docket Sheet for Cause No. 2021-CI-03650 attached as Exhibit A; and

   ii)     A true and correct copy of Plaintiffs' Original Petition attached as Exhibit B; and

   iii)    Defendants' Original Answer filed in State Court, attached as Exhibit C.

2.      This Court has original jurisdiction of this suit based upon diversity jurisdiction under 28 U.S.C. § 1332(a). With certain limitations, any civil action brought in a state court may be removed to the district court of the United States for the district and division that encompasses the county wherein the action is pending. *See* 28 U.S.C. § 1441. The San Antonio Division of the Western District of Texas is the proper court for removal from a district court in Bexar County, Texas. *See* 28 U.S.C. § 124(b)(4).

3.      As required by 28 U.S.C. § 1446(d), the removing Defendants are promptly giving all parties written notice of the filing of this Notice of Removal and will promptly file a notice of removal with the Clerk of the 150th Judicial District Court in Bexar County, Texas.

## II.
## <u>REMOVAL IS TIMELY</u>

4.      Plaintiffs, John Marsh and Ingrid Marsh, filed their Original Petition on March 1, 2021. Citation has neither been issued nor served. Therefore, this removal is timely under 28 U.S.C. §1446(b).

### III.
### DIVERSITY JURISDICTION

**A.      All properly joined parties are diverse**

5.      **John Marsh.**  Plaintiff, John Marsh, is an individual citizen and resident of Bexar County, Texas.

6.      **Ingrid Marsh.** Plaintiff, Ingrid Marsh, is an individual citizen and resident of Bexar County, Texas.

7.      **U.S. Bank, N.A.**  U.S. Bank National Association, is a national bank. National bank citizenship is determined by the state in which its main office, as designated in the articles of incorporation, is located. *Wachovia Bank N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006). U.S. Bank's main office is located in Ohio, and therefore U.S Bank is a citizen of Ohio for purposes of diversity.

8.      **Select Portfolio Servicing, Inc.** is a Utah corporation with its principal place of business in Salt Lake City, Utah. A corporation is deemed a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business. SPS is not incorporated in Texas and does not have its principal place of business in Texas. Consequently, SPS is a citizen of the state of Utah.

9.      **Fraudulent and Improper Joinder – Deborah Martin.** Plaintiffs additionally name Deborah Martin as Defendant in this proceeding for the sole purpose of avoiding removal. The citizenship of this Defendant should be disregarded as pled herein. This issue was previously addressed and determined in the 2017 previously removed action styled *Marsh v. U.S. Bank, N.A., et al*, under Civil Action No. SA-17-CV-0847-FB (W.D. Tex.), aff'd 18-50707 (5th Cir., Sept. 10, 2019), and again in the 2019 previously removed action styled *Marsh v. U.S. Bank, N.A., et al*, under Civil Action No. 5:19-CV-01306-DAE (W.D. Tex., April 22, 2020).

10.     As to all properly joined parties in this lawsuit, there is complete diversity of citizenship. The District Courts of the United States have jurisdiction over this action based on diversity of citizenship among the properly joined parties so long as the amount in controversy requirement is also satisfied.

**B.     The amount in controversy exceeds the jurisdictional minimum amount of $75,000.00**

11.     Plaintiffs' Original Petition seek declaratory relief and monetary damages from an alleged wrongful foreclosure regarding the property at issue. Plaintiffs plead that the value of the property was between $845,000 to $1,000,000 (See Exhibit B, Petition at p. 10, ¶ 46). Plaintiffs plead that they were entitled to the full value of the house free and clear of the note and deed of trust.

12.     "It is well established that 'when equitable and injunctive relief is sought 'the amount in controversy is measured by the value of the object of the litigation,' and '[t]he value of that right is measured by the losses that will follow.'" *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 U.S. Dist. LEXIS 77124, 2009 WL 2868224, at \*2-3 (S.D. Tex. Aug. 27, 2009) (Rainey, J.); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) ("When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").

13.     The Fifth Circuit and district courts in each district of Texas hold that the amount in controversy in suits seeking to prevent or rescind a foreclosure is the value of the property that is the object of the litigation.  *Farkas v. GMAC Mortgage,* LLC, 737 F.3d 338, (5th Cir. 2013); *Green v. Bank of America, N.A.*, No. 4:13CV92, 2103 U.S. Dist. LEXIS 66320, at \*4 (E.D. Tex. 2013); *McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1047-48

(W.D. Tex. 2010) ("[T]he value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property."); *Berry v. Chase Home Finance, LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009)(holding that the value of declaratory and injunctive relief is the current appraised fair market value of the property, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title and interest to the Property").

14.     Because Plaintiffs' claims seek declaratory relief and damages concerning the property which Plaintiffs contends is worth at least $845,000, the amount of Plaintiffs' claims exceed $75,000.00.

15.     Additionally, the property was foreclosed on April 4, 2017. The Marshes were evicted on April 9, 2018 pursuant to a Judgment of Possession entered December 7, 2017. The Marshes are praying for damages of one hundred million dollars (Petition, Exhibit "B", p. 18, Request for Relief).

**C.     U.S. Bank and SPS are the only Defendants properly before the Court.**

16.     According to the plain language of 28 U.S.C. § 1441(b) a suit "may not be removed if any of the parties in interest **properly joined and served as defendants** is a citizen of the state in which such action is brought. Plaintiffs have not properly joined or served Defendant Martin, and her citizenship is not relevant to removal of this action. *See e.g. Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 U.S. Dist. LEXIS 74562, at *6 (S.D. Tex. May 30, 2012)("From the plain text of the statute, if an in-state or local defendant is named in an action and a non-forum defendant desires to remove to federal court, the non-forum defendant must do so before the local or in-state defendant is served . . .").

17.     As a matter of law under the plain language if 28 U.S.C. § 1441(b), removal of this suit is proper.

**D.     Fraudulent and Improper Joinder**

18.     "[A] defendant may establish improper joinder either by showing (1) actual fraud in the plaintiff's pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant(s) in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1, 573 (5th Cir. 2004). Regarding the second method of establishing improper joinder, a court must ask "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573; *see Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-08 (5th Cir. 2016) (outlining the proper joinder analysis after *Smallwood* and reiterating that the Fifth Circuit has adopted *Smallwood*'s "phrasing of the required proof and reject[ed] all others").

19.     Removal in this case is proper as there is no possibility Plaintiffs can maintain a cause of action against the improperly joined Defendant –Deborah Martin. Plaintiffs plead claims for: (i) declaratory judgment regarding the statute of limitations for enforcing the deed of trust, (ii) wrongful foreclosure, (iii) quiet title, (iv) violations of the Texas Deceptive Trade Practices Act (v) breach of warranty, (vi)  fraud, (vii) violation of the Texas Fair Debt Collection Act, and (viii) negligence as to the trustee only. Defendant Martin is named in this lawsuit solely in her capacity as substitute trustee, is not a necessary party to any of Plaintiffs' claims, and is named a Defendant in an attempt to defeat removal.

20.     Texas law is clear "that a trustee named solely in his or her capacity as trustee under

a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure." *Zavala v. M&T Trust Co.*, No. SA-11-CV-956-XR, 2011 U.S. Dist. LEXIS 147119, at *6 (W.D. Tex. Dec. 22, 2011). Despite myriad conclusory allegations, Plaintiffs' only claims against Defendant Martin are in her capacity as substitute trustee, and Plaintiffs cannot state any claim for relief against Defendant Martin. *See Sanchez v. Wells Fargo Bank, N.A.*, No. SA:14-CV-515-DAE, 2014 U.S. Dist. LEXIS 159688, at *11 (holding that where claims were premised on trustee's violation of the duty of fairness owed as substitute trustee plaintiff "cannot establish a valid cause of action against [Trustee] under Texas law," and finding trustee was fraudulently joined).

**IV.**
**CONCLUSION**

21.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists, and this Court has subject matter jurisdiction over all of Plaintiffs' claims. In both of their prior cases against the same parties on the same allegations and same causes of action, the U.S. District Courts denied the Marshes' motion for remand challenging diversity jurisdiction. (See paragraph 9 herein).

**V.**
**PARTIES TO THIS CASE**

22.     Defendants hereby file this list of all parties of record and their counsel, including addresses, telephone numbers, and parties represented.

**Parties:**                                        **Represented by:**

*Plaintiffs:*                                        *Pro Se Plaintiffs*
John Marsh and
Ingrid Marsh
26631 Timberline Dr.
San Antonio, Texas 78260
Telephone: (210) 441-0486
Email:jmarshandassociates@gmail.com


*Defendants:*                                        H. Gray Burks, IV
U.S. Bank, N.A. as Successor Trustee to          State Bar No. 03418320
LaSalle Bank National Association on             Law Office of Gerald M. Shapiro,
behalf of Bear Stearns Asset Backed             LLP
Securities I Trust 2005-HE12, Asset             13105 Northwest Freeway, Suite
Backed Certificates Series 2005-HE12,           1200Houston, Texas 77040
and Select Portfolio Servicing, Inc.            Telephone: (224) 244-1367
                                                Facsimile: (847) 879-4854
                                                Email: gburks@logs.com

### VI.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants, U.S. Bank, N.A. as Successor

Trustee to LaSalle Bank National Association on behalf of Bear Stearns Asset Backed Securities

I Trust 2005-HE12, Asset Backed Certificates Series 2005-HE12, and Select Portfolio Servicing,

Inc. respectfully file this Notice of Removal thereby removing this action from the 150th Judicial

District Court of Bexar County, Texas to this Court.

Respectfully submitted,

By:   */s/ H. Gray Burks, IV*
          H. Gray Burks, IV
          State Bar No. 03418320
          LAW OFFICE OF GERALD M. SHAPIRO, LLP
          13105 Northwest Freeway, Suite 1200
          Houston, Texas, 77040
          Telephone:  (224) 244-1367
          Facsimile:  (847) 879-4854
          Email: gburks@logs.com

*Attorneys for U.S. Bank, N.A. as Successor Trustee to LaSalle Bank National Association on behalf of Bear Stearns Asset Backed Securities I Trust 2005-HE12, Asset Backed Certificates Series 2005-HE12, and Select Portfolio Servicing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first class mail postage prepaid and by email as listed below on March 31, 2021.

John Marsh and                                    Via Email: jmarshandassociates@gmail.com
Ingrid Marsh
8331 Fredericksburg Rd., #1006
San Antonio, Texas 78229
*Pro Se Plaintiffs*

                                          */s/ H. Gray Burks, IV*
                                          H. Gray Burks, IV