**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOHN MARSH, INGRID MARSH, | § | |
| *Plaintiffs* | § | |
| | § | |
| -vs- | § | |
| | § | |
| U.S. BANK, N.A. AS SUCCESSOR | § | |
| TRUSTEE TO LASALLE BANK | § | SA-21-CV-00321-XR |
| NATIONAL ASSOCIATION ON | § | |
| BEHALF OF BEAR STEARNS ASSET | § | |
| BACKED SECURITIES I TRUST 2005- | § | |
| HE12, ASSET BACKED CERTIFICATES | § | |
| SERIES 2005-HE12, SELECT | § | |
| PORTFOLIO SERVICING, INC., | § | |
| DEBORAH MARTIN | § | |
| *Defendants* | | |

## <u>ORDER</u>

On this date, the Court considered Plaintiffs' Motion to Remand (ECF No. 4), Defendants'

Response (ECF No. 8), and Plaintiffs' Reply (ECF No. 9). After careful consideration, Plaintiffs'

motion is **DENIED**. The Court further notifies Plaintiffs that it is considering dismissal of this

action *sua sponte*.

## **BACKGROUND**

In their third attempt to litigate the foreclosure of their home in April 2017, Plaintiffs John

and Ingrid Marsh filed this action in the 150th Judicial District Court in Bexar County, Texas, on

March 1, 2021, asserting claims against Defendants U.S. Bank, N.A. as Successor Trustee to

LaSalle Bank National Association on behalf of Bear Stearns Asset Backed Securities I Trust

2005-HE12, Asset Backed Certificates Series 2005-HE12 ("U.S. Bank"), Select Portfolio

Servicing, Inc. ("SPS", and together with U.S. Bank, the "Corporate Defendants"), and Deborah

Martin (the "Substitute Trustee"). *See* ECF No. 1-2.

Plaintiffs allege that the foreclosure sale of their property located at 2 Montique Court in San Antonio, Texas 78257 (the "Property") was improper because it occurred after the expiration of the four-year statute of limitations set forth in Section 16.035 of the Texas Civil Practices and Remedies Code. *Id.* at 3–4. Plaintiffs assert causes of action for: (i) declaratory judgment regarding the statute of limitations for enforcing the deed of trust, (ii) wrongful foreclosure, (iii) quiet title, (iv) violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of warranty, and fraud, (v) violations of the Texas Debt Collection Practices Act (the "TDCA"), and (vi) as to the Substitute Trustee only, negligence. *Id.* at 7–15.

On March 31, 2021, the Corporate Defendants timely removed this action on the basis of diversity jurisdiction. ECF No. 1. Plaintiffs now seek to remand this case to state court, arguing that there is not complete diversity of citizenship among the parties. ECF No. 4. It is undisputed that the Substitute Trustee, like both Plaintiffs, is a citizen of Texas and that her presence in this case will deprive this Court of subject matter jurisdiction. U.S. Bank and SPS respond that the citizenship of the Substitute Trustee should be disregarded, however, because she was improperly joined in this suit to destroy diversity jurisdiction. ECF No. 8 at 1, 10–11. They further argue that Plaintiffs' motion for remand is barred by the doctrines of res judicata and collateral estoppel. *Id.* at 8–10. Because the claims and arguments in Plaintiffs' previous lawsuits are relevant to the Corporate Defendants' arguments concerning res judicata and collateral estoppel, the Court will briefly address each suit here.[1]

---

[1] The Court here takes judicial notice of the filings and orders in the prior lawsuits. *See Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior lawsuits because such documents were public records).

## I.      The First Lawsuit

Plaintiffs filed their first suit (the "First Case") challenging the foreclosure—alleging the very same claims asserted in the present action—in Bexar County Court on August 23, 2017, against U.S. Bank and the Substitute Trustee. *See Marsh v. U.S. Bank N.A. as Successor Tr. to LaSalle Bank Nat'l Ass'n et al.*, No. CV-SA-17-CA-847-FB, 2018 WL 4178337, at *1 (W.D. Tex. July 31, 2018). U.S. Bank removed the case to federal court, where it was fully litigated. Judge Biery adopted the Magistrate Judge's recommendations to:

   (1)   deny Plaintiffs' motion for remand because the non-diverse defendant, Deborah Martin—the Substitute Trustee—was improperly joined;

   (2)   dismiss Plaintiffs' claims against the Substitute Trustee for negligence and wrongful foreclosure for lack of subject matter jurisdiction;

   (3)   grant U.S. Bank's motion for judgment on the pleadings as to Plaintiffs' claims for wrongful foreclosure and violations of the DTPA and FDCA; and

   (4)   grant U.S. Bank's motion for summary judgment as to Plaintiffs' claims for declaratory judgment and quiet title.

*See id.* Plaintiffs appealed, and, on September 10, 2019, the Fifth Circuit affirmed the district court's judgment in all respects. *Marsh v. U.S. Bank, N.A.*, 775 F. App'x 166 (5th Cir. 2019).

## II.     The Second Lawsuit

Two weeks after mandate issued on the Fifth Circuit's judgment, Plaintiffs filed a second suit in Bexar County Court based on the same set of operative facts and asserting the same claims against U.S. Bank and Martin, this time adding SPS as a defendant. Defendants again removed the suit (the "Second Case") to federal court. *See Marsh v. U.S. Bank, N.A. et al.*, No. 5:19-CV-01306-DAE. The Marshes again moved to remand the case to state court, advancing the very same arguments they raised in their motion to remand in the First Case. *Compare id.*, ECF No. 5 *with Marsh*, No. 5:17-cv-847-FB, ECF No. 5. U.S. Bank filed a response in opposition to remand and

a motion for judgment on the pleadings, arguing that both Plaintiffs' arguments concerning remand and their claims in the Second Case were barred by the doctrine of res judicata. *See Marsh*, No. 5:19-CV-01306-DAE, ECF Nos. 7,8. Judge Ezra denied Plaintiffs' motion for remand and granted Defendants' motion for judgment on the pleadings based on the res judicata effect of the opinions and judgment in the First Case. *See id.*, ECF No. 13. The Marshes filed a motion for reconsideration, which was denied on July 29, 2020. *See id.* ECF Nos. 14, 15.

## DISCUSSION

### I.     Res Judicata and Collateral Estoppel

#### A.     Legal Standard

The doctrine of res judicata contemplates, at minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983). For a claim to be barred on res judicata grounds, the Fifth Circuit requires that: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). When those elements are satisfied, res judicata "prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (emphasis in original); *see also In re Air Crash at Dallas/Fort Worth Airport on Aug. 2, 1985*, 861 F.2d 814, 816 (5th Cir. 1988) ("Res judicata extends to matters that should have been raised in the earlier suit as well as those that were.").

As to the last element—whether the same claim or cause of action was involved in both actions—courts apply a "transactional test, which requires that the two actions be based on the same nucleus of operative facts." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (internal citations omitted). Under that transactional test, a prior judgment's preclusive effect extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). Additionally, the doctrine "extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication. . . .'" *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

"Collateral estoppel (issue preclusion) differs from res judicata (claim preclusion) in that it is an equitable doctrine which should be 'applied only when the alignment of the parties and the legal and factual issues raised warrant it.'" *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (quoting *Nations v. Sun Oil Co. (DELAWARE)*, 705 F.2d 742, 744–45 (5th Cir. 1983) (en banc)). The doctrine of collateral estoppel "preclude[s] relitigation of the same issue already litigated against the same party in another case involving virtually identical facts." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 169, 104 S. Ct. 575 (1984). To determine whether collateral estoppel applies, the Court considers whether:

> (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in

> the prior case; and (4) there is [any] special circumstance that would
> make it unfair to apply the doctrine.

*Baros v. Tex. Mexican Ry. Co.*, 400 F.3d 228, 232–33 (5th Cir. 2005) (quoting *Winters v. Shamrock Chem. Co.*, 146 F.3d 387, 391 (5th Cir. 1998)). Other safeguards include whether the facts and legal standards used to assess them are the same in both proceedings, whether a new determination is warranted by differences in the procedures employed in the two courts, and whether judicial review of the first proceeding was available. *Id.* at 233.

### B.    Analysis

Here, it is undisputed that the parties are identical to the parties in the Second Case. Although SPS was added as a new defendant in the Second Case, Judge Ezra concluded that its presence did not destroy the preclusive effect of the First Case because, as the loan servicer for U.S. Bank, SPS shared an identity of interests with U.S. Bank sufficient to establish privity. *See Marsh*, No. 5:19-CV-01306-DAE, ECF No. 13 at 89 (citing *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996) ("Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation.")). The Court agrees.

As to the second element of res judicata, although Plaintiffs apparently disputed the existence of diversity jurisdiction in the First Case, as evidenced by their motion to remand, they fail to argue in the instant action that the court lacked jurisdiction to render a judgment in that case. Thus, there appears to be no dispute that the judgment in the First Case was rendered by a court of competent jurisdiction. *Test Masters*, 428 F.3d at 571. Nor is there any dispute that this action is based on the same "nucleus of operative facts" out of which the First Case arose—the foreclosure of the Property in December 2017. *Davenport*, 484 F.3d at 326. Indeed, Plaintiffs alleged the same facts and the same six causes of action in all three of their lawsuits challenging the foreclosure.

Accordingly, the Court concludes that the first, second, and fourth elements of res judicata are satisfied. As to the third element, there is no doubt that Judge Biery's order accepting the recommendations of the Magistrate Judge constitutes a final judgment on the merits with respect to Plaintiffs' claims against U.S. Bank. *Marsh*, 2018 WL 4178337, at *1–2. Plaintiffs' claims against U.S. Bank for wrongful foreclosure and violations of the DTPA and the TDCA were dismissed with prejudice when the court granted U.S. Bank's motion for judgment on the pleadings. *See id.*; *Marsh*, 5:17-cv-847-FB, ECF No. 12 at 17. The court also granted U.S. Bank's motion for summary judgment with respect to Plaintiffs' claims for declaratory judgment and quiet title. *Marsh*, 2018 WL 4178337, at *2. Thus, the court rendered final judgment on the merits on all of the claims asserted against U.S. Bank in the First Case. *See Millard v. Bank of New York Mellon Tr. Co.*, No. A-12-CA-1094-SS, 2013 WL 12120415, at *2 (W.D. Tex. Jan. 30, 2013) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'") (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)); *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:18-CV-2528-C-BH, 2019 WL 6218771, at *4 (N.D. Tex., Nov. 5, 2019) ("summary judgment is a final judgment on the merits") (citing *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005)).

It would appear to the Court that Plaintiffs' claims against U.S. Bank—and, given its privity with U.S. Bank, against SPS—are barred by the doctrine of res judicata. However, that question is not properly before the Court in considering Plaintiffs' motion for remand. The question is whether the judgment in the First Case precludes Plaintiffs' claims against the Substitute Trustee in this case. It does not.

Judge Biery adopted the Magistrate Judge's recommendation that the Substitute Trustee be dismissed due to improper joinder. *Marsh*, 2018 WL 4178337, at *1–2; *see Marsh*, 5:17-cv-847-

FB, ECF No. 12 at 2–9. However, the Fifth Circuit has clarified that, where subject matter jurisdiction is based on diversity, a court never has jurisdiction over a non-diverse party:

> [T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction. (To dismiss on any other basis would require the presence of jurisdiction that does not exist.) . . . . Unlike the typical dismissal under Rule 12(b)(6), . . . which operates as an adjudication on the merits, a dismissal for lack of jurisdiction under Rule 12(b)(1) . . . does not. Therefore, the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance.

*Int'l Energy*, 818 F.3d 193 at 210 (internal quotations and citations omitted). A 'dismissal without prejudice' is a dismissal that does not 'operate as an adjudication upon the merits' and, thus, does not have res judicata effect." *Miller v. Am. Intern. Group, Inc.*, No. 3:04-CV-1417-P, 2005 WL 1131110, at *6 (N.D. Tex. May 9, 2005) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)) (alteration marks omitted). Accordingly, Judge Biery's previous order dismissing the Substitute Trustee as improperly joined does not constitute a final judgment on the merits that would bar Plaintiffs' claims against her. *See Int'l Energy*, 818 F.3d at 202 n.25 ("As the claim or claims against the nondiverse defendant must be dismissed *without prejudice*, the plaintiff is not barred by res judicata from refiling those claims in state court if he so desires.").

Still, "[c]ommentators and case law alike have noted that, while dismissal for lack of jurisdiction does not operate as an adjudication on the merits, the 'judgment is effective to preclude relitigation of the precise issue of jurisdiction . . . that led to the initial dismissal." *Winters*, 146 F.3d at 395 n.10 (quoting *Hopwood v. Texas*, 78 F.3d 932, 961 (5th Cir. 1996) (concluding that a party is precluded from successively appealing the same intervention motion even where the interlocutory appeal was dismissed for lack of appellate jurisdiction); *see also Deckert v. Wachovia Student Fin. Servs., Inc.*, 963 F.2d 816, 818 (5th Cir. 1992) (Texas state court's dismissal for lack of personal jurisdiction barred relitigation of jurisdictional question in federal court). It is not clear,

however, whether collateral estoppel bars successive litigation concerning subject matter jurisdiction. *See Deckert*, 963 F.2d at 818 (distinguishing the preclusive effect of a dismissal for lack of personal jurisdiction from dismissal for lack of subject matter jurisdiction).

Regardless of the general rule, collateral estoppel is at bottom an equitable doctrine that requires the Court to consider "the alignment of the parties and the legal and factual issues raised." *Copeland*, 47 F.3d at 1423. The issue here—whether the Substitute Trustee is a properly joined party—is identical to that litigated in the First Case, and it was fully and vigorously litigated in that action. *Baros*, 400 F.3d at 232–33. But the court's decision to deny remand and dismiss the Substitute Trustee, while necessary to support the court's jurisdiction in the prior case, was not necessary to support the *judgment*. *Id*. That is, whether the Substitute Trustee was a party to the action had no bearing on the court's determination that the foreclosure fell within the four-year statute of limitations. *See Marsh*, 2018 WL 4178337, at *2. Still, the Court concludes that collateral estoppel is justified under these circumstances because (1) the same legal standard for improper joinder employed in the First Case applies to the instant action, (2) judicial review of the court's jurisdiction was available in the First Case, and (3) Plaintiffs have failed to offer any reason to believe that a new determination is warranted in this case. *Baros*, 400 F.3d at 233.

Indeed, the only factual difference between the motion to remand in the First Case and the motion now before the Court—the issuance of Judge Biery's order in the First Case and subsequent affirmation by the Fifth Circuit—strengthens the argument that the Substitute Trustee has been improperly joined. A removing party may establish improper joinder by showing that there is no reasonable basis to predict that the plaintiff might be able to recover against the non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Id.* at 202;

9

*see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

In the First Case, the Magistrate Judge concluded that there was no reasonable basis to believe that Plaintiffs could recover on their claims for negligence and wrongful foreclosure against the Substitute Trustee because Texas law does not impose a duty on a substitute trustee to investigate whether the statute of limitations has expired before conducting a foreclosure sale. *See Marsh*, No. CV-SA-17-CA-847-FB, ECF No. 12 at 4–9 (citing *Minella v. Bank of Am., N.A.*, No. SA-14-CV-174-XR, 2014 WL 1330554, at *3 (W.D. Tex. Apr. 1, 2014) (concluding that the trustee did not owe a duty to investigate the status of loan modification negotiations because "Texas law is clear that a trustee has no affirmative duties beyond that required by [] statute or the deed of trust to ensure a fair sale.")). Judge Biery agreed, and dismissed the Substitute Trustee as improperly joined. Plaintiffs do not present any new or different facts or claims in this action, nor do they suggest that the legal standards have changed since the First Case such that they are entitled to a different result here. Indeed, Plaintiffs' petition is nearly identical to the petitions filed in both of the previous cases.

Moreover, there is now even less reason to believe that Plaintiffs could recover against the Substitute Trustee because of the collateral estoppel effect of the First Case. In Texas, collateral estoppel precludes the relitigation of any ultimate issue actually litigated and essential to the judgment in the prior suit. *See Suber v. Ohio Med. Prods.*, 811 S.W.2d 646, 652 (Tex. App.—Houston [14th Dist.] 1991, writ requested) (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d

816, 820 (Tex. 1984)). This is true even where the issue was first litigated in federal court. *See James v. City of Houston*, 138 S.W.3d 433, 438 (Tex. App.—Houston [14 Dist.] 2004) ("collateral estoppel precludes [the plaintiff]'s state-law free speech claim because the particular issue was fully and fairly litigated by the same parties in the federal proceeding and this issue was essential to the federal court's judgment"). Here, the validity of the foreclosure was fully litigated in the First Case, and was essential to the federal court's judgment in favor of U.S. Bank. Thus, the application of collateral estoppel under Texas law would likely preclude Plaintiffs from establishing causation in a state-court action against the Substitute Trustee. That is, even if the Substitute Trustee did owe a duty to investigate the timeliness of the foreclosure, any such investigation would have revealed that the foreclosure occurred within the statute of limitations. There is no more reason to predict that Plaintiffs could recover against the Substitute Trustee in 2021 than there was in 2018, when she was dismissed as improperly joined.

## CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs are barred by the doctrine of collateral estoppel from arguing that the Substitute Trustee is a proper party to this action, and that the Substitute Trustee is improperly joined. Accordingly, the Court will disregard her citizenship and exercise subject matter jurisdiction over the remaining defendants, U.S. Bank and SPS. *Flagg*, 819 F.3d at 136.  All claims against Defendant Deborah Martin are **DISMISSED WITHOUT PREJUDICE**. *Id.*

A district court may dismiss a claim on its own motion, as long as it provides notice of its intention and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). Plaintiffs are hereby given notice of the Court's intention to dismiss their claims against the Corporate Defendants as barred by the doctrine of res judicata, as outlined above.

Plaintiffs shall respond to the Court's notice of intent to dismiss by providing their reasons in writing why this action should not be dismissed under the doctrine of res judicata no later than **June 15, 2021**.

The Clerk is further **DIRECTED** to mail a copy of this Order to John and Ingrid Marsh at 8331 Fredericksburg Rd., #1006, San Antonio, TX 78229 and to provide a copy by email to jmarshandassociates@gmail.com.

**SIGNED** this 1st day of June, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE