**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOHN MARSH, INGRID MARSH, | § | |
| *Plaintiffs* | § | |
| | § | |
| -vs- | § | |
| | § | |
| U.S. BANK, N.A. AS SUCCESSOR | § | |
| TRUSTEE TO LASALLE BANK | § | SA-21-CV-00321-XR |
| NATIONAL ASSOCIATION ON | § | |
| BEHALF OF BEAR STEARNS ASSET | § | |
| BACKED SECURITIES I TRUST 2005- | § | |
| HE12, ASSET BACKED CERTIFICATES | § | |
| SERIES 2005-HE12, SELECT | § | |
| PORTFOLIO SERVICING, INC., | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Defendants' Rule 12(c) Motion for Judgment on the

Pleadings (ECF No. 12). No response has been filed. After careful consideration, the Court issues

the following order.

## BACKGROUND

In their third attempt to litigate the foreclosure of their home in April 2017, Plaintiffs John

and Ingrid Marsh filed this action in the 150th Judicial District Court in Bexar County, Texas, on

March 1, 2021, asserting claims against Defendants U.S. Bank, N.A. as Successor Trustee to

LaSalle Bank National Association on behalf of Bear Stearns Asset Backed Securities I Trust

2005-HE12, Asset Backed Certificates Series 2005-HE12 ("U.S. Bank"), Select Portfolio

Servicing, Inc. ("SPS", and together with U.S. Bank, the "Defendants"), and Deborah Martin (the

"Substitute Trustee"). *See* ECF No. 1-2.

Plaintiffs allege that the foreclosure sale of their property located at 2 Montique Court in

San Antonio, Texas 78257 (the "Property") was improper because it occurred after the expiration

of the four-year statute of limitations set forth in Section 16.035 of the Texas Civil Practices and

Remedies Code. *Id.* at 3–4. Plaintiffs assert causes of action for: (i) declaratory judgment regarding the statute of limitations for enforcing the deed of trust, (ii) wrongful foreclosure, (iii) quiet title, (iv) violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of warranty, and fraud, (v) violations of the Texas Debt Collection Practices Act (the "TDCA"), and (vi) as to the Substitute Trustee only, negligence. *Id.* at 7–15.

On March 31, 2021, the Defendants timely removed this action on the basis of diversity jurisdiction. Plaintiffs sought to remand this case to state court, arguing that there is not complete diversity of citizenship among the parties. ECF No. 4. However, the Court denied Plaintiffs' motion to remand because the Substitute Trustee that would have destroyed complete diversity was improperly joined, and all claims against the Substitute Trustee were dismissed without prejudice. ECF No. 10.

The remaining Defendants now move for judgment on the pleadings, asserting that Plaintiffs' claims are barred by res judicata. ECF No. 12. Because the claims and arguments in Plaintiffs' previous lawsuits are relevant to the Defendants' arguments concerning res judicata, the Court will briefly address each suit here. [1]

## I.      The First Lawsuit

Plaintiffs filed their first suit (the "First Case") challenging the foreclosure—alleging the very same claims asserted in the present action—in Bexar County Court on August 23, 2017, against U.S. Bank and the Substitute Trustee. *See Marsh v. U.S. Bank N.A. as Successor Tr. to LaSalle Bank Nat'l Ass'n et al.*, No. CV-SA-17-CA-847-FB, 2018 WL 4178337, at *1 (W.D. Tex. July 31, 2018). U.S. Bank removed the case to federal court, where it was fully litigated. Judge

---

[1]      The Court here takes judicial notice of the filings and orders in the prior lawsuits. *See Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior lawsuits because such documents were public records).

Biery adopted the Magistrate Judge's recommendations to:

(1)   deny Plaintiffs' motion for remand because the non-diverse defendant, Deborah Martin—the Substitute Trustee—was improperly joined;

(2)   dismiss Plaintiffs' claims against the Substitute Trustee for negligence and wrongful foreclosure for lack of subject matter jurisdiction;

(3)   grant U.S. Bank's motion for judgment on the pleadings as to Plaintiffs' claims for wrongful foreclosure and violations of the DTPA and FDCA; and

(4)   grant U.S. Bank's motion for summary judgment as to Plaintiffs' claims for declaratory judgment and quiet title.

*See id.* Plaintiffs appealed, and, on September 10, 2019, the Fifth Circuit affirmed the district court's judgment in all respects. *Marsh v. U.S. Bank, N.A.*, 775 F. App'x 166 (5th Cir. 2019).

## II.    The Second Lawsuit

Two weeks after mandate issued on the Fifth Circuit's judgment, Plaintiffs filed a second suit in Bexar County Court based on the same set of operative facts and asserting the same claims against U.S. Bank and Martin, this time adding SPS as a defendant. Defendants again removed the suit (the "Second Case") to federal court. *See Marsh v. U.S. Bank, N.A. et al.*, No. 5:19-CV-01306-DAE. The Marshes again moved to remand the case to state court, advancing the very same arguments they raised in their motion to remand in the First Case. *Compare id.*, ECF No. 5 *with Marsh*, No. 5:17-cv-847-FB, ECF No. 5. U.S. Bank filed a response in opposition to remand and a motion for judgment on the pleadings, arguing that both Plaintiffs' arguments concerning remand and their claims in the Second Case were barred by the doctrine of res judicata. *See Marsh*, No. 5:19-CV-01306-DAE, ECF Nos. 7, 8. Judge Ezra denied Plaintiffs' motion for remand and granted Defendants' motion for judgment on the pleadings based on the res judicata effect of the opinions and judgment in the First Case. *See id.*, ECF No. 13. The Marshes filed a motion for reconsideration, which was denied on July 29, 2020. *See id.* ECF Nos. 14, 15.

# DISCUSSION

## I.     Legal Standards

### A.      Judgment on the Pleadings[2]

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is only appropriate when "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and

---

[2]     Plaintiffs' failure to respond to Defendants' motion does not permit the Court to treat the motion as unopposed. *See Webb v. Morella*, No. 11-30175, WL 45411, at *2 (5th Cir. Jan. 9, 2012) ("The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. *See* FED. R. CIV. P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion.").

(3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### B.    Res Judicata

The doctrine of res judicata contemplates, at minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983). For a claim to be barred on res

judicata grounds, the Fifth Circuit requires that: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). When those elements are satisfied, res judicata "prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (emphasis in original); *see also In re Air Crash at Dallas/Fort Worth Airport on Aug. 2, 1985*, 861 F.2d 814, 816 (5th Cir. 1988) ("Res judicata extends to matters that should have been raised in the earlier suit as well as those that were.").

As to the last element—whether the same claim or cause of action was involved in both actions—courts apply a "transactional test, which requires that the two actions be based on the same nucleus of operative facts." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (internal citations omitted). Under that transactional test, a prior judgment's preclusive effect extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). Additionally, the doctrine "extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication. . . .'" *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

## II.      Analysis

The Fifth Circuit has held that res judicata should typically be pled as an affirmative defense, not brought in a Rule 12(b)(6) motion to dismiss. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Test Masters*, 428 F.3d at 570. Although the Fifth Circuit indicates in these cases that it may not find reversible error when a district court grants a Rule 12(b)(6) motion to dismiss on res judicata grounds, the Court would ordinarily convert Defendants' motion for judgment on the pleadings to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and give Plaintiff an opportunity to respond before dismissing the action based on the principles of res judicata. FED. R. CIV. P. 12(d) (providing "if on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ."); *see Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). However, "[d]ismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010). In ruling on a such a motion, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir.2003). Here, the elements of res judicata are apparent on the face of the pleadings, the documents attached to Plaintiffs' original petition, and the judicially noticed filings and orders from the Marshes' prior actions against U.S. Bank and SPS.[3] Accordingly, a 12(b)(6) standard is appropriate here, and the Court will proceed to conduct the res judicata analysis based on the pleadings and the previous lawsuits.

---

[3]      Furthermore, Plaintiffs have already been afforded an opportunity to address the res judicata issue, and merely referenced certain allegations of impropriety contained in the original petition. In its order denying Plaintiffs' motion for remand, the Court notified Plaintiffs of its intent to dismiss this case *sua sponte* as barred by the doctrine of res judicata. *See* ECF No. 10 at 1, 11–12. In response, Plaintiffs suggest that the "[c]ited cases are irrelevant,

With respect to the first element of res judicata, it is undisputed that the parties are identical to the parties in the Second Case. Although SPS was added as a new defendant in the Second Case, Judge Ezra concluded that its presence did not destroy the preclusive effect of the First Case because, as the loan servicer for U.S. Bank, SPS shared an identity of interests with U.S. Bank sufficient to establish privity. *See Marsh*, No. 5:19-CV-01306-DAE, ECF No. 13 at 89 (citing *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996) ("Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation.")). This Court agrees.

As to the second element of res judicata, although Plaintiffs apparently disputed the existence of diversity jurisdiction in the First Case and the Second Case, as evidenced by their motions to remand, they fail to argue in the instant action that the court lacked jurisdiction to render a judgment in that case. Thus, there appears to be no dispute that the judgments in the First Case and the Second Case were rendered by a court of competent jurisdiction. *Test Masters*, 428 F.3d at 571. Nor is there any dispute that this action is based on the same "nucleus of operative facts" out of which the First Case and the Second Case arose—the foreclosure of the Property in April

---

immaterial and have no bearing on this case" because of certain ill-defined improprieties—also referenced in Plaintiffs' original petition, *see* ECF No. 1-2 at 5–6—in the state-court foreclosure proceedings that allowed Defendants to "wrongfully, unlawfully, illegally and fraudulently foreclose[] on April 3, 2017" after the expiration of the statute of limitations. ECF No. 13 at 2.

Setting aside the Fifth Circuit's conclusion that the foreclosure occurred well within the limitations period, *see Marsh.*, 775 F. App'x 166, these "improprieties" were rejected as an independent basis for relief in the Second Case. In his order granting judgment on the pleadings, Judge Ezra noted that, rather than addressing the res judicata issue, the Marshes "simply state that this litigation is different due to the fact that it now includes evidence of improprieties. The Court finds that argument unpersuasive. A vague argument that Plaintiffs now have evidence that they did not present to the Court before does not alter the Court's res judicata analysis." *See Marsh*, No. 5:19-CV-01306-DAE, ECF No. 13 at 9–10 (citations omitted).

To the extent that Plaintiffs' claims address the timeliness of the foreclosure, those claims have been fully litigated. To the extent that Plaintiffs seek relief on another basis, the Court cannot discern from the pleadings any facts outside of "the nucleus of operative facts" in the previous actions, that, if true, would entitle Plaintiffs to a different outcome. *Davenport*, 484 F.3d at 326; *see also Phillips*, 401 F.3d at 642 (stating that the Court should not "strain to find inferences favorable to plaintiffs").

2017. *Davenport*, 484 F.3d at 326. Indeed, Plaintiffs alleged the same facts and the same six causes of action in all three of their lawsuits challenging the foreclosure.

Accordingly, the Court concludes that the first, second, and fourth elements of res judicata are satisfied. As to the third element, there is no doubt that Judge Biery's order accepting the recommendations of the Magistrate Judge constitutes a final judgment on the merits with respect to Plaintiffs' claims against U.S. Bank. *Marsh*, 2018 WL 4178337, at *1–2. Plaintiffs' claims against U.S. Bank for wrongful foreclosure and violations of the DTPA and the TDCA were dismissed with prejudice when the court granted U.S. Bank's motion for judgment on the pleadings. *See id.*; *Marsh*, 5:17-cv-847-FB, ECF No. 12 at 17. The court also granted U.S. Bank's motion for summary judgment with respect to Plaintiffs' claims for declaratory judgment and quiet title. *Marsh*, 2018 WL 4178337, at *2. Thus, the court rendered a final judgment on the merits on all of the claims asserted against U.S. Bank in the First Case. *See Millard v. Bank of New York Mellon Tr. Co.*, No. A-12-CA-1094-SS, 2013 WL 12120415, at *2 (W.D. Tex. Jan. 30, 2013) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'") (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)); *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:18-CV-2528-C-BH, 2019 WL 6218771, at *4 (N.D. Tex. Nov. 5, 2019) ("summary judgment is a final judgment on the merits") (citing *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005)). The Court finds that all four elements of the doctrine of res judicata are satisfied with respect to Plaintiffs' claims against Defendants.

## CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs are barred by the doctrine of res judicata in pursuing this cause of action. Accordingly, Defendants' motion for judgment on the

pleadings (ECF No. 12) is **GRANTED.** All Plaintiffs' claims against Defendants U.S. Bank and SPS are **DISMISSED WITH PREJUDICE.** A final judgment pursuant to Rule 58 will issue follow.

The Clerk is **DIRECTED** to mail a copy of this Order to John and Ingrid Marsh at 8331 Fredericksburg Rd., #1006, San Antonio, TX 78229 and to provide a copy by email to jmarshandassociates@gmail.com.

**SIGNED** this 20th day of July, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE